# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

### LETTER OPINION

October 23, 2008

Patricia Franklin
81 Halsey Street
P.O. Box 32207
Newark, NJ 07102
*Attorney for Plaintiff*

Vernon Norwood
Social Security Administration
26 Federal Plaza
Room 3904
New York, NY 10278
*Attorney for Defendant*

      RE:    De Aza v. Commissioner of Social Security
             Civ. No. 07-6168 (WJM)

Dear Counsel:

      Plaintiff Zenaida Diaz de Aza ("de Aza") seeks review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying her application for Social Security disability benefits. De Aza asserts that the ALJ committed three errors: (1) finding that de Aza's subjective pain complaints were not entirely credible, (2) applying the Medical-Vocational Guidelines ("Grids") to de Aza, and (3) concluding that de Aza could perform the full range of sedentary work.  While the Court believes that there was substantial support for the ALJ's credibilty assessment of de Aza's subjective pain complaints, this Court agrees with Ms. de Aza as to her final two arguments.  Accordingly, this Court holds that the judgment of the ALJ is **AFFIRMED IN PART** and **REMANDED IN PART**.  The case will be remanded to allow the ALJ to: (1) reassess whether de Aza retains the residual functional capacity

to perform sedentary work, consistent with SSR 96-9p and (2) obtain additional vocational evidence to determine the impact of de Aza's non-exertional limitations on her occupational base.

## Facts and Proceedings

Ms. de Aza's disabilities arose from a fall down a staircase in December 2003. (R. at 147.) Following the accident, de Aza went to the emergency room and complained of back pain and neck pain. (R. at 144.) A follow-up appointment with a chiropractor revealed that de Aza's fall exascerbated a pre-existing back condition, resulting in disc protrusion and bulging in her lumbar spine. (R. at 174-77.)

Since the accident, de Aza has been diagnosed with spinal degenerative disc disease and major depressive disorder. (R. at 177, 215, 264.) De Aza alleges that she continues to suffer from neck and back pain, as well as numbness in her lower extremities. (R. at 186, 189, 238.) This pain allegedly becomes worse with bending, picking up heavy objects, and prolonged sitting. (R. at 252.) A treating physician has noted that de Aza has physical limitations in stooping, lifting heavy objects, standing, prolonged walking, and bending. (R. at 395.) Another doctor, however, noted that de Aza had no functional limitations. (R. at 267.) Estimations of de Aza's prognosis are similarly mixed. (R. at 267, 394.) One doctor noted "[i]t is common observation in case [sic] such as these to observe remission and exacerbation for no apparent external reason." (R. at 177.)

Following a hearing on September 20, 2006, ALJ Michal Lissek denied de Aza's application for Supplemental Social Security Income based on a determination that de Aza is not disabled. Applying the five step analysis, the ALJ found at step four that de Aza had the residual functional capacity ("RFC") to perform a full range of sedentary work, stating "there is no reason why the claimant would be unable to meet the demands of sedentary work, which involves mainly sitting and lifting and carrying up to 10 pounds only." (R. at 26.) The ALJ then summarily concluded in step five that jobs exist in significant numbers in the national economy that Diaz de Aza can perform. (R. at 27.) The ALJ's decision then became final on October 24, 2007, when the Appeals Council denied de Aza's request for review. (R. at 5-7.)

Having exhausted her administrative options, *see Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002), de Aza now seeks review of the ALJ's decision in this Court. She asserts that the ALJ erred in three ways: (1) by refusing to credit her subjective testimony of pain and other symptoms, (2) by "mechanically applying the Grids," and (3) by concluding that de Aza could perform the full range of sedentary work. (Pl.'s Br. 2.) This Court exercises review pursuant to 42 U.S.C. § 405(g).

## Standard of Review

In reviewing the ALJ's decision, this Court is bound by factual findings that are supported

by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). This Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). The requirement that factual findings are supported by substantial evidence is not onerous, requiring only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)).

**Discussion**

The Social Security Administration has promulgated a five-step evaluation process to determine whether a claimant is disabled. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) ; *see* 20 C.F.R. § 404.1520 (2007). Under this five-step process, the Commissioner considers: (1) whether claimant is currently engaged in substantial gainful activity; (2) if not, whether claimant has a "severe impairment"; (3) if so, whether impairment meets criteria of regulations' listed impairments; (4) if not, whether claimant has residual functional capacity to perform his past work; and (5) if not, whether there is other work in national economy that claimant can perform. Social Security Act, § 223(d)(2)(A), as amended, 42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proof for steps one, two, and four of this test. *Sykes v. Apfel*, 228 F.3d 256, 263 (3d Cir. 2000). The Commissioner bears the burden of proof as to step five. *Id.*

With respect to the first four steps, the ALJ found, and the parties agree, that (1) de Aza is not currently engaged in substantial gainful activity, (2) she suffers from spinal degenerative disease and major depressive disorder, (3) her impairments are not listed in appendix 1 of 20 C.F.R. part 404, subpart P, and (4) she is unable to perform any past relevant work. (R. 23-27; Pl.'s Br. 3; Def.'s Br. 2.) The question is thus whether the ALJ properly applied the Grids to de Aza and whether jobs exist in significant numbers in the national economy that de Aza can perform. (Pl.'s Br.)

    **A.**    **The ALJ's Refusal to Credit de Aza's Subjective Testimony**

De Aza claims that the ALJ lacked substantial support for her finding that de Aza's subjective testimony of pain was not credible. (Pl.'s Br. 12–13.) This Court disagrees.

The responsibility to ascertain and weigh the credibility of a claimant's testimony lies primarily with the ALJ. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ may refuse to credit a claimant's testimony as long as this finding has substantial support from objective medical evidence. *Id.* To be sure, a claimant's subjective testimony about her pain is entitled to substantial weight. *Mason v. Shalala*, 994 F.2d 1058, 1067–68 (3d Cir. 1993). Nevertheless, this Court will defer to the ALJ's assessment if it is supported by evidence. *Id.*

Here, there is sufficient evidence to sustain the ALJ's refusal to credit de Aza's testimony. In her opinion, the ALJ found that the objective evidence in the record did not support de Aza's subjective pain complaints "to the debilitating extent asserted." (R. at 26.) To substantiate this

3

finding, the ALJ noted that MRI and x-ray results in the record showed mild disc degeneration but no nerve impingement. (R. at 26). The ALJ also cited de Aza's negative electrodiagnostic test results, as well as clinical findings that de Aza showed no signs of neurological deficits and only mild limitations in the motion of her spine. In addition, the ALJ noted statements in the record by de Aza stating that she is capable of handling certain household tasks, such as cooking and cleaning, and can take public transportation. (R. at 24) As such, the ALJ's refusal to credit De Aza's subjective testimony is supported by "substantial evidence" in the record, and this Court will thus not disturb it.

### B. The ALJ's Application of the Grids

De Aza claims that the ALJ lacked substantial support for applying the Grids at step five. (Pl.'s Br. 7–11.) Specifically, de Aza argues that the ALJ failed to consult a vocational expert in determining that de Aza's limitations had little or no effect on her occupational base of unskilled sedentary work. (Pl.'s Br. 16-18.)

The ALJ's failure to consult a vocational expert was improper. In her decision, the ALJ states that de Aza has a combination of impairments – spinal degenerative disc disease and major depressive disorder. (R. at 23.) These are exertional (i.e. strength) and non-exertional (i.e. emotional and pain-based) limitations. *See* 20 C.F.R. § 404.1569a. When a claimant presents both exertional and nonexertional impairments, the ALJ cannot rely solely on the Grids at step five. *Id.*; *Sykes v. Apfel*, 228 F.3d 259, 270 (3d Cir. 2000) ("[T]he Social Security Administration has not promulgated regulations identifying jobs in the national economy for claimants with combined exertional and nonexertional limitations ... Until the government takes steps to establish such general facts for claimants with exertional and nonexertional impairments, the government cannot satisfy its burden under the Act by reference to the grids alone); *see also Burham v. Schweiker*, 682 F.2d 456, 458 (3d Cir. 1982). Instead, when exertional and non-exertional impairments are present, the ALJ must instead either call a vocational expert or rely on similar evidence, such as a learned treatise. *Sykes*, 228 F.3d at 273. Where the ALJ chooses to take official notice, rather than additional vocational evidence, that a non-exertional impairment does not erode the occupational base significantly, the ALJ must provide notice to the claimant and an opportunity to respond. *Id.* at 273.

Here, the ALJ solely relied on the Grids and failed to cite to any other resource in her determination that "the additional limitations have little or no effect on the occupational base of unskilled sedentary work." (R. at 27.) This conclusory determination was made without either: (1) taking additional vocational evidence establishing that fact, (2) consulting a treatise, or (3) providing notice to de Aza of the ALJ's intent to take official notice, along the with opportunity to counter such conclusion. Consistent with *Burnham* and *Sykes*, the ALJ's finding, therefore, is remanded with instructions to obtain additional vocational evidence to determine the impact of de Aza's non-exertional limitations on her occupational base. If the ALJ chooses to rely on official notice to establish that de Aza's non-exertional limitations do not significantly diminish the occupational base for sedentary work, the ALJ must give de Aza a chance to object and respond.

### C. The ALJ's Conclusion that de Aza Could Perform a Full Range of Sedentary Work

De Aza argues that the ALJ lacked substantial evidence to support her finding that de Aza could perform a full range of sedentary work. (Pl. Br. 19-22.) This Court agrees.

The ALJ's assessment that de Aza could perform a full range of sedentary work is not supported by substantial evidence, as she overlooked a potentially dispositive factor in her analysis – de Aza's ability to bend or stoop. The ALJ stated that she gave "controlling weight" to an evaluation of de Aza performed by her treating physician, Dr. Lagrada. (R. at 26.) The ALJ then noted that Dr. Lagrada "assessed that the claimant was limited in bending, stooping." While the ALJ properly referenced Dr. Lagrada's examination in her opinion, she made no reference to the limitations identified by the doctor in her analysis. The ALJ's conclusory analysis simply states "[t]here is no reason why the claimant would be unable to meet the demands of sedentary work." (R. at 26.) The limitations identified by Dr. Lagrada, however, could provide a reason why de Aza would be limited or unable to perform sedentary work. As such, these limitations need to be addressed by the ALJ. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112 (3d Cir. 2000) ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.") (citations omitted).

Ability to bend or stoop factors into the determination of whether a claimant can perform a full range of sedentary work. Social Security Ruling 96-9p states that a complete inability to stoop "would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply." SSR 96-6p. The ALJ decision does not discuss the extent to which de Aza is able to stoop; therefore, while substantial evidence is a deferential standard, the ALJ has failed to factor a potentially dispositive element into her analysis. *See Cotter v. Harris*, 642 F.2d 700, 705-06 (3d Cir. 1981) ("Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'") (citations omitted). As a result, the ALJ's decision is remanded with instructions to: 1) determine the extent to which de Aza is limited in her ability to bend; and 2) reassess her ability to perform the full range of sedentary work accordingly, consistent with SSR 96-9p.

### Conclusion

For the foregoing reasons, the decision of the ALJ is **AFFIRMED IN PART** and **REMANDED IN PART**. An appropriate Order accompanies this Letter Opinion.

                                        /s/ William J. Martini
                                    **William J. Martini, U.S.D.J.**